IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV277-3-MU
3:C-CR-90-25

| | |
|---|---|
| LEROY RAGIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate[1] filed June 19, 2006 (Document No. 1.) For the reasons stated herein, the Petitioner's Motion to Vacate will be dismissed.

### I. Factual and Procedural Background

On March 6, 1990, Leroy Ragin ("Petitioner") was charged in a Bill of Indictment which charged Petitioner with twenty-nine (29) violations of federal drug and money laundering statutes within the Western District of North Carolina.

On June 8, 1990, Petitioner pled guilty to one count of Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and (2), and one count of Engaging in a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848. Consequently, on July 31, 1990, Petitioner

---

[1] Petitioner included a letter with his 2255 petition in which he explains that the instant motion is not a request to file a second or successive petition but is a "subsequent motion of attachment to trigger a grant or privilege in relation to original 28 U.S.C. 2255 filed Oct. 1990..."

was sentenced to a term of 336 months of confinement and 5 years supervised release.

While Petitioner did not exercise his right to direct appeal, Petitioner unsuccessfully sought post-conviction relief. On October 25, 1990, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Petitioner complained of counsel's failure to investigate possible defenses and counsel's failure to challenge the indictment based upon an alleged defect in the conspiracy and CCE counts. The Honorable Robert D. Potter dismissed Petitioner's motion (See C-C-90-338-O) and the Fourth Circuit affirmed that ruling on direct appeal. Ragin v. United States, 974 F.2d 1333 (4th Cir. 1992)(unpublished).

Petitioner filed a second Motion to Vacate,[2] this time challenging his criminal conviction and civil forfeiture proceedings on double jeopardy grounds. See Ragin v. United States, 893 F. Supp. 570 (W.D.N.C. 1995). Again, Judge Potter's dismissal of Petitioner's § 2255 was affirmed by the fourth Circuit. See Ragin v. United States, 106 F.3d 393 (4th Cir. 1997)(unpublished).

Petitioner filed a third Motion to Vacate on September 22, 1999.[3] In his third motion,

---

[2] Petitioner's second petition was filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("the AEDPA") when review of a second or successive petition were limited only by the abuse of the writ doctrine. See McCleskey v. Zant, 499 U.S. 467 (1991). The AEDPA replaced the abuse of the writ doctrine with a gatekeeping procure. This procedure requires authorization from the appropriate court of appeals before a second or successive petition is filed in the district court. See 28 U.S.C.A. § 2244(b)(3).

[3] While Petitioner's third petition was filed after the enactment of the AEDPA, the Court, out of an abundance of caution, reviewed Petitioner's petition because Petitioner claimed the Court had jurisdiction over his petition, despite his two previous collateral attacks, under the "savings clause" of the AEDPA or under Bousley v. United States, 523 U.S. 614 (1998).2244(b)(3). The Court noted it its Order that since Petitioner had already filed two motions to vacate, if the filing before the Court was construed as a § 2255 petition, it would be

Petitioner sought relief either under 28 U.S.C. § 2255 or 2241. Petitioner based his third motion on the United States Supreme Court decision in Richardson v. United States, 526 U.S. 813 (1999). Petitioner claimed that his guilty plea was not "intelligently made" given that he was unaware that the Government was required to prove beyond a reasonable doubt that Petitioner was guilty of the three underlying drug violations constituting the "continuing series" under § 848. This Court issued a ten page order dismissing Petitioner's motion and or habeas petition under 28 U.S.C. § 2241 (See 3:99cv367, Document No.8.)

Obviously undaunted by his lack of success, Petitioner now brings the instant Petition pursuant to 28 U.S.C. § 2255. While Petitioner contends that the instant motion is not a successive petition but merely a subsequent motion in his original 28 U.S.C. § 2255 case, the Court construes Petitioner's most recent filing as a successive § 2255 petition.

The statute allowing for the filing of motions under 28 U.S.C. § 2255 does not include a provision for "reopening" § 2255 motions that have been addressed on the merits by the district court. Petitioner's previous § 2255 filings makes the instant filing a second or successive petition under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims because he failed to first certify his motion with the Fourth Circuit

---

considered successive.

Court of Appeals before filing it in the District Court. In fact, Petitioner concedes that in March 2002 he filed an application for an order authorizing a second or successive petition and that in April 2002, the Fourth Circuit denied his request. This Court is without authority to consider Petitioner's petition without an order from the Fourth Circuit authorizing this Court to consider his claim.

Moreover, even if this Court had jurisdiction to consider the instant Petition, Petitioner's claims would most likely be considered time-barred pursuant to the Antiterrorism and Effective Death Penalty Act ("the AEDPA").

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is DISMISSED as successive.

**SO ORDERED**.

Signed: July 6, 2006

Graham C. Mullen
United States District Judge