# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:90cr25

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>LEROY RAGIN. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Relief Based on the Writ of *Audita Querela* [Doc. 3], filed May 12, 2008.

On May 27, 2008, this case was reassigned to the undersigned. A review of the case disclosed that this motion remains pending.

The Defendant was indicted in March 1990 and charged with 29 violations of federal drug and money laundering statutes. Ragin v. United States, 893 F.Supp. 570, 573 (W.D.N.C. 1995). He entered into a plea agreement with the Government pursuant to which he pled guilty to one count of money laundering and one count of engaging in a continuing criminal enterprise. Id. In July 1990, the Defendant was sentenced to 360 months of imprisonment. Id. The Defendant did not file a direct appeal;

instead, he filed a motion in October 1990 pursuant to 28 U.S.C. §2255 to vacate, set aside or correct sentence. Id. In 1991, that motion was denied and the Defendant's attempt to appeal that denial was rejected by the Fourth Circuit. Id.; United States v. Ragin, 974 F.2d 1333 (4th Cir. 1992).

The Defendant's second motion pursuant to §2255 was also denied. Ragin, 893 F.Supp. 570 (W.D.N.C. 1995). The Fourth Circuit rejected the Defendant's attempt to appeal that decision. United States v. Ragin, 106 F.3d 393 (4th Cir. 1997), *habeas corpus denied sub nom* Ragin v. Sniezek, 2007 WL 781324 (N.D.Oh. 2007).

The Defendant's third motion pursuant to 28 U.S.C. §§2241 or 2255 was also rejected both at the district court and circuit levels. Ragin v. United States, 2001 WL 34610446 (W.D.N.C. 2001), *affirmed* Ragin v. Warden, Federal Correctional Institution, Estill, South Carolina, 22 Fed.Appx. 349 (4th Cir. 2002).

The Defendant now seeks the relief of a "writ of audita querela," an ancient remedy by which a judgment debtor sought to obtain relief against the consequences of the judgment by virtue of a defense arising since the date of judgment. Black's Law Dictionary (8th ed. 2004). This writ has been abolished altogether in federal civil practice. Fed.R.Civ.P. 60(b). The Fourth Circuit has held that the writ is unavailable to seek review of a

federal criminal sentence. In re Watkins, 223 Fed.Appx. 265, 2007 WL 1041035 (4th Cir. 2007), *citing* United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001). As noted by the Ninth Circuit, a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Id. The Fourth Circuit has noted that the writ is unavailable to seek review of a sentence even where the defendant has exhausted his remedies pursuant to §§2241 and 2255. Brown v. United States, 2007 WL 4723378 (D.S.C. 2007), *Report and Recommendation adopted* by 2008 WL 153557 (D.S.C. 2008), *affirmed by* 2008 WL 1827650 (4th Cir. 2008); *accord*, United States v. Gibson, 255 Fed.Appx. 721 (4th Cir. 2007).

As a result, the undersigned will deny the motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Relief Based on the Writ of *Audita Querela* [Doc. 3] is hereby **DENIED**.

Signed: May 29, 2008

Martin Reidinger
United States District Judge