# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:90cr25

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LEROY RAGIN. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Invoke Inherent Power to Correct a Miscarriage of Justice [Doc. 5], filed January 28, 2009.

In March 1990, the Defendant was charged in a twenty-nine count bill of indictment with charges of drug trafficking, money laundering and continuing criminal enterprise. Ragin v. United States, 893 F.Supp. 570, 573 (W.D.N.C. 1995). He entered into a plea agreement with the Government pursuant to which he pled guilty to one count of money laundering and one count of continuing criminal enterprise. [Id.]. In July 1990, he was sentenced to 360 months of imprisonment. [Id.]. The Defendant did not appeal but instead moved pursuant to 28 U.S.C. §2255

to vacate, set aside or correct his sentence. [Id.]. His motion was denied in 1991 and his attempt to appeal that denial was rejected by the Fourth Circuit. United States v. Ragin, 974 F.2d 1333 (4th Cir. 1992).

The Defendant filed a second motion pursuant to §2255; a motion which was also denied, and the Fourth Circuit again rejected his attempt to appeal that denial. United States v. Ragin, 106 F.3d 393 (4th Cir. 1997), *habeas corpus denied sub nom* Ragin v. Sniezek, 2007 WL 781324 (N.D.Oh. 2007). Undeterred, the Defendant filed a third motion seeking relief pursuant to either 28 U.S.C. §2241 or §2255, a motion which was likewise rejected at the district and circuit court levels. Ragin v. United States, 2001 WL 34610446 (W.D.N.C. 2001), *affirmed* Ragin v. Warden, Federal Correctional Institution, Estill, South Carolina, 22 Fed.Appx. 349 (4th Cir. 2002).

It is obvious that the Defendant is a prolific *pro se* filer. This is the second motion which the undersigned has addressed since the case was reassigned. See, United States v. Ragin, 2008 WL 2228618 (W.D.N.C. 2008). In this most recent filing, the Defendant claims that relief should be granted to him pursuant to the Court's "inherent power" to correct a "miscarriage of justice." The Court has reviewed the motion and finds that the Defendant has not stated any grounds for relief. Defendant alleges

that his controlled substance offense was actually only a simple possession offense, and thus the career criminal enhancement was improperly applied. The record, however, clearly shows that this offense was a felony conviction rather than a simple possession offense. The Defendant is placed on notice that the Court will not continue to entertain frivolous filings.

Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. <u>Demos v. Keating</u>, 33 Fed.Appx. 918 (10th Cir. 2002); <u>Tinker v. Hanks</u>, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); <u>In re</u> <u>Vincent</u>, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. <u>Silvestri v. General Motors Corp</u>., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" <u>In re Burnley</u>, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. <u>Vestal v. Clinton</u>, 106 F.3d

553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which do not contain substantive legal positions supported by evidence or the record or which are not made in good faith and will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); In re Joseph Marion Head, 19 F.3d 1429 (4th Cir. 1994), *certiorari denied* 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See, 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Invoke Inherent Power to Correct a Miscarriage of Justice [Doc. 5] is hereby **DENIED**.

Martin Reidinger
United States District Judge

Signed: February 6, 2009