UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:90-cr-00025-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LEROY RAGIN,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on defendant's *pro se* "Affidavit of Non-Response" (#72). In that pleading, defendant appears to take issue with what he perceives as a lack of response to his "Affidavit of Lack of Attorney Client Relationship" (#69) filed January 22, 2013, and disposed of by this court January 25, 2013. Review of the court's docket reveals that the January 25, 2013, Order of this court was duly mailed to defendant that same day. The court concludes that the Order and defendant's motion crossed in the mail.

Read in a light most favorable to defendant, the present affidavit appears to be a pleading in furtherance of his earlier affidavit concerning the quality of representation received during the disposition of his Supervised Release Violation. Review of the pleadings reveals that defendant has appealed the court's Judgment on the SRV violation, that such appeal, No. 12-4961, remains pending before the Court of Appeals for the Fourth Circuit, and that he has now been appointed appellate counsel in that matter. Insofar as defendant is attempting to collaterally challenge his conviction through such "affidavit," a motion to vacate sentence will generally not be heard where direct appeal of the conviction is pending, except in "exceptional circumstances." Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). Dissatisfaction with services of counsel and what is

apparently dissatisfaction with the promptness of this court in addressing such concern are not exceptional circumstances.[1]

To the extent defendant seeks collateral relief in such pleading, the court will deny the relief sought without prejudice as this court's Judgment is presently on direct appeal and no exceptional circumstance has been shown that would support considering such claim at this time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks collateral relief from the Judgment in his "Affidavit of Non-Response" (#72), such request is **DENIED** without prejudice.

Signed: February 13, 2013

Max O. Cogburn Jr.
United States District Judge

---

[1] The court notes that it addressed petitioner's pro se motion within three days of the date such pleading was filed.